UNITED STATES *ex rel.* HARSHMAN *v.* COUNTY COURT OF KNOX COUNTY.*

(*Circuit Court, E. D. Missouri.* March 23, 1883.)

1. MUNICIPAL BONDS—RECITALS THEREIN—MANDAMUS.

Suit was brought upon certain county bonds which recited upon their face that they had been issued under the provisions of the charter of a railroad company. The petition stated that they had been issued under the provisions of the General Statutes of the state. The bonds were duly filed in the case, and judgment was obtained by default. *Mandamus* proceedings were thereupon instituted to enforce the judgment, and an alternative writ was issued commanding the county court to levy a special tax *sufficient to pay it.* Under the laws of the state it was the duty of the county court to levy such a tax, where the bonds were issued as alleged in the petition, but they could only levy a tax of one-twentieth of 1 per cent. per annum, where they were issued as recited in said bonds. The return to the writ stated that the bonds had been issued under the charter of the railroad company, and that the lawful taxes had been levied. Upon motion to quash the return, *held,* that the bonds were a part of the record for the purpose of determining the measure of taxation to be enforced, and that the presumption was that the recitals therein were true, in the absence of evidence that such recitals were the result of mistake or inadvertence.

2. SAME—POWER OF FEDERAL COURTS OVER STATE OFFICERS.

In such proceedings federal courts can only require state officers to enforce state laws.

*Reported by B. F. Rex, Esq., of the St. Louis bar.
Reversed. See 7 Sup. Ct. Rep. 1171.

Motion to Quash Return to Alternative Writ of *Mandamus.*

The relator obtained judgment by default against Knox county upon certain bonds issued by the county to aid in the construction of the Missouri & Mississippi Railroad.   It was averred in the petition in this suit upon said bonds, that they were issued under certain provisions of the General Statutes of Missouri, in pursuance of a vote of the people.   On the face of the bonds themselves it is recited that they were issued under and in pursuance of the provisions of the charter of the Missouri & Mississippi Railroad Company.   For the payment of a judgment rendered upon bonds issued under the former law, it is the duty of the county court to levy a sufficient tax; but for the payment of bonds issued under the latter, only one-twentieth of 1 per cent. per annum is authorized.   The alternative writ directs the levy of a special tax sufficient to pay the judgment, and proceeds upon the theory that the record in the suit upon the bonds conclusively shows that they were issued under the General Statutes.   The return avers that they were issued under the charter of the company, and states that the taxes authorized thereby have been levied.   The question is as to the sufficiency of this return.

*T. R. Skinker,* for relator.

*James Carr* and *George D. Reynolds,* for respondent.

McCRARY, J.   The decision of this motion depends upon the question of the effect of the adjudication in the original suit.   In the petition it was averred that the bonds were issued under the general law and in pursuance of a vote of the people.   Upon the face of the bonds sued on it is declared that they were issued under and in pursuance of the provisions of the charter of the Missouri & Mississippi Railroad Company.   The judgment was by default.   Are we to take the allegations of the petition as to the authority under which the bonds were issued as established beyond dispute for the purposes of this proceeding, or can we look to the contracts sued upon?   It is well settled that the judgment in the original suit settles all questions as to the validity of the bonds, and conclusively determines that they were binding obligations of the county duly created by authority of law, and as such entitled to payment out of any fund that can lawfully be raised for that purpose.   We are also satisfied that where the plaintiff's petition in the suit and the bonds sued on agree in stating that they were issued under a given statute, and this is not denied by any pleading in that suit, or if denied is found for the plaintiff, it will be too late in a *mandamus* proceeding brought to enforce

the judgment to raise the question. But here there was a variance between the allegations of the petition and the recitals in the bonds sued on. The plaintiff was bound by both, unless he was prepared to aver and prove that the recitals in the bonds were written there by mistake, and that the power to issue them was in fact derived, not from the act named, but from some other. Ordinarily, a judgment by default is conclusive of the truth of all the material allegations of the petition, the establishment of which was necessary to entitle the plaintiff to the judgment rendered; but it often happens that for the purpose of determining what property is liable to be taken for the satisfaction of a judgment, it is necessary to look behind the judgment and into the contract upon which it was rendered.

Questions of exemption are often determined by reference to the nature of the contract, or its date. As, for example, where it is sought to enforce a judgment against property claimed as a homestead, it may often be necessary to go back to the contract and ascertain whether it was executed before the debtor acquired the homestead, or whether it was a debt for which the homestead was liable, or whether the homestead right has been released. And so, in a case like the present, we must, in order to determine what remedies to apply, and what measure of taxation to enforce, look into the contract upon which the judgment was rendered. The county, when sued upon its bonds, has a right to assume that any judgment rendered will be enforced according to the law which entered into and is a part of the contract. And when *mandamus* proceedings are instituted for the enforcement of such a judgment, the respondents may properly raise the question as to what taxes are authorized to be levied and collected for its payment. And for the purpose of determining this question the court must go back to the contract expressed in the bonds upon which the judgment was rendered. In *Ralls Co.* v. *U. S.* 105 U. S. 733, the supreme court say:

"While the coupons are merged in the judgment, they carried with them into the judgment all the remedies which in law formed a part of their contract obligations, and these remedies may still be enforced in all appropriate ways, notwithstanding the change in the form of the debt."

If the remedies given by the original contract are to be enforced after the judgment, it follows, of course, that in order to know what those remedies are, and to enforce them, we must know what the contract was. And what is the best evidence of the terms of the contract? Manifestly the contract itself, if we are permitted to look at it. But it is contended that the bonds sued on in the original

suit, though filed with the clerk in accordance with the statute regulating the practice in such cases, and pursuant to a rule of this court, are no part of the record and cannot there be considered. Whatever the general rule upon this subject may be, we are of the opinion that in a case such as the present, and for the purpose of ascertaining what remedy to apply or enforce, we are at liberty to look into the terms of the contract upon which the relator's judgment was rendered, and if there is a variance between the contract and the allegations of the petition, we will presume in favor of the contract until it is shown that the recitals therein were the result of mistake or inadvertence. It is only necessary to hold that the instrument sued on and filed with the clerk in accordance with the statute and the rule of the court are a part of the record, for the purpose of determining, in a case such as the present, what measure of taxation to enforce against the municipal corporation for the satisfaction of the judgment. This is all that is now decided. Were we to hold otherwise, we might be called upon to command the officers of the county to levy taxes not authorized by law, for the fulfillment of their contracts; or, in other words, to violate their duty and exceed their powers. And it is now well settled that a federal court can only require of such officials obedience to the law, and cannot make a law for them. Motion to quash overruled.

TREAT, J., concurs.